**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **ALEXIS ARRIAGA,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **V.** | § | **NO. 4:26-CV-582-O** |
| | § | |
| **WARDEN FNU HECKARD,** | § | |
| | § | |
| **Respondent.** | § | |

**OPINION AND ORDER**

Alexis Arriaga filed a petition under 28 U.S.C. § 2241 complaining about a prison disciplinary proceeding. Having considered the petition, the response, the reply, the record, and applicable authorities, the Court concludes that the petition must be **DENIED**.

## I. BACKGROUND

On June 26, 2025, while housed at FMC Fort Worth, Petitioner received incident report No. 4138984, alleging that he violated BOP offense code 108, Possession of a Hazardous Tool. The investigating officer discovered eight cellphones and eight chargers wrapped in a pillowcase and duct tape in the air vents of Petitioner's cell. Petitioner claimed that the contraband was not his, that he had moved into the cell a month and a half earlier, and that his cellmate had said he was taking full responsibility for it. Nevertheless, the disciplinary hearing officer ("DHO") determined that there was sufficient evidence to sanction Petitioner.

## II. APPLICABLE LEGAL STANDARD

Federal courts cannot retry every prison disciplinary dispute. *Reeves v. Pettcox*, 19 F.3d 1060, 1062 (5th Cir. 1994). Rather, they may act only where arbitrary or capricious action is shown in connection with a disciplinary hearing that involves a liberty interest, that is, restraint that

imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.[1] *Sandin v. Conner*, 515 U.S. 472, 484 (1995). In such cases, due process is satisfied where the inmate receives: (1) 24-hour advanced written notice of the charges against him; (2) an opportunity to call witnesses and present documentary evidence in his defense; and (3) a written statement from the fact-finder that includes the evidence relied on and the reasons for the action taken. *Wolff v. McDonnell*, 418 U.S. 539, 563–67 (1974); *Morgan v. Quarterman*, 570 F.3d 663, 668 (5th Cir. 2009). If those requirements are met, the court only looks to see whether there is some evidence in the record to support the findings made at the hearing. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455–56 (1985) ("Requiring a modicum of evidence to support a decision to revoke good time credits will help to prevent arbitrary deprivations without threatening institutional interests or imposing undue administrative burdens.") Only where there is "no evidence whatsoever" will a prison disciplinary decision be overturned. *Reeves*, 19 F.3d at 1062.

**III. ANALYSIS**

The inmate discipline program of the Bureau of Prisons is set forth at 28 C.F.R. §§ 541.1–541.8, and applies to all inmates designated to any prison, institution, or facility in which persons are held in custody by direction of, or under agreement with, the BOP. 28 C.F.R. § 541.2. Generally, the procedures are as follows: When staff witness or reasonably believe an inmate has committed a prohibited act, the staff member issues an incident report to the inmate, usually within 24 hours. 28 C.F.R. § 541.5(a). After the inmate receives the report, a BOP staff member will investigate it, giving the inmate an opportunity to make a statement and request that witnesses be

[1] Loss of commissary, phone, and visitation privileges do not implicate due process concerns. *See, e.g.*, *Malchi v. Thaler*, 104 F.3d 765, 768 (5th Cir. 1997). Likewise, segregated confinement does not present an atypical or significant hardship beyond the ordinary incidents of prison life. *Sandin v. Conner*, 515 U.S. 472, 486 (1995); *Malchi*, 211 F.3d at 958.

interviewed or evidence be obtained and reviewed. 28 C.F.R. § 541.5(b). The Unit Discipline Committee ("UDC") reviews the incident report and the inmate has an opportunity to appear and make a statement and present evidence. 28 C.F.R. § 541.7. The UDC can impose sanctions, except loss of good conduct time credit, FSA time credits, disciplinary segregation, or monetary fines. 28 C.F.R. § 541.7(f). It may refer the incident report to the DHO for further review. 28 C.F.R. § 541.7(g). The DHO conducts a hearing at which the inmate may appear and present evidence. 28 C.F.R. § 541.8. The inmate may also request and obtain the assistance of a staff representative. *Id.* If the DHO finds that the inmate committed a prohibited act, he may impose any of the available sanctions. *Id.* The inmate may appeal the decision and sanctions through the BOP administrative remedy program. *Id.*

In this case, Petitioner received a copy of the incident report on the day it was issued. ECF No. 8 at App. 003–004, 009–011. The investigating officer read Petitioner his rights and Petitioner made no comment. *Id.* at App. 004. The investigating officer found the charge supported and it was forwarded to the UDC. *Id.* The UDC held a hearing on June 30, 2025. *Id.* Petitioner appeared and told the Committee he had no idea the items were in his cell and that his cellmate was taking responsibility. *Id.* at App. 004, 011. The UDC referred the report to the DHO for further hearing. *Id.* The UDC gave Petitioner notice of the hearing and of his rights. *Id.* at App. 004, 013. Petitioner chose to have a staff representative and requested a witness to testify on his behalf. *Id.* at App. 004, 015. The staff representative acknowledged his obligations. *Id.* at App. 017. The UDC hearing was conducted July 8, 2025. *Id.* at App. 004 At that time, Petitioner chose not to proceed with the staff representative and witness. *Id.* at App. 004–005. He signed a waiver form reflecting his decision. *Id.* at App. 019. Petitioner's rights were read to him through the services of a translator.

*Id.* at App. 005. The DHO found Petitioner guilty and imposed sanctions. *Id.* at App. 005–06, 021–24. Petitioner received a copy of the DHO findings and was advised of his right to appeal. *Id.* at App. 005. Petitioner exhausted his administrative remedies. *Id.* at App. 007.

The record establishes that the requirements of *Wolff* were met and that there is evidence to support the finding. *See United States v. McKnight*, 953 F.2d 898, 901 (5th Cir. 1992) (one has constructive possession of contraband if he knowingly has ownership, dominion, or control over the contraband itself or over the premises in which the contraband is located). Federal courts do not retry prison disciplinary disputes; rather, they simply consider whether the decision at issue is supported by "some facts." *Smith v. Rabalais*, 659 F.2d 539, 645 (5th Cir. Unit A 1981). "[P]rison disciplinary proceedings will be overturned only where there is no evidence whatsoever to support the decision of the prison officials." *Reeves*, 19 F.3d at 1062. That is not the case here. In particular, the record reflects that Petitioner's rights were read and reviewed with him in Spanish and Petitioner waived his right to a staff representative and witness. ECF No. 8 at App. 004–005.

## IV. CONCLUSION

For the reasons discussed, the petition is **DENIED**.

**SO ORDERED** this **13th day** of **August, 2026**.

Reed O'Connor
CHIEF UNITED STATES DISTRICT JUDGE